**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN OF NEW YORK**

| | |
|---|---|
| Yana Paskova,<br><br>                    Plaintiff,<br><br>          v.<br><br>Questex, LLC d/b/a<br>HotelManagement.net<br><br>                    Defendant. | Case No:<br><br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff Yana Paskova ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against defendant Questex, LLC d/b/a HotelManagement.net ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.      This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2.      Plaintiff created a photograph of the Sports Center live broadcast room (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.      Plaintiff is well-established and well-known multimedia editor, photojournalist, writer, polyglot reporter/writer, science copywriter, and certified in AI Generative Prompt Engineering and UX/UI Design. Her multimedia clients have included National Geographic, The Washington Post, The New York Times, Foreign Affairs, Forbes, Getty Images, Reuters, NPR, The Wall Street Journal, The New Yorker, The Chronicle of Higher Education, The City, The 19th, Bloomberg, Yahoo News, AFP, Rolling Stone, Nature, Discover, New York magazine, Shutterstock, Sports Illustrated, TIME, USA Today, and the Chicago Tribune, among others. She has received awards from PDN's Photo Annual, NPPA, American Photography, and TED's

Visualizing Climate Change contests; grants to further my projects from the National Geographic Society, the Pulitzer Center, the International Women's Media Foundation, Getty Images + Panasonic Lumix, and Leica Camera. She has been exhibited in shows by Leica Camera North America, Photoville, the International Center of Photography, and Bulgaria's National Gallery of Art and has taught journalism, photography, and writing through the Pulitzer Center, Brooklyn Public Library, NYU, Fordham University, and Leica Camera North America. She has also created visual and copywriting campaigns for IPG Health, Edelman, Rubenstein PR, Starbucks, BBDO Worldwide, Getty Worldwide, Cloud9, Cravath Swaine & Moore LLP, Lexington Partners, Mt. Sinai, United Airlines, CUNY, Twitter, and SoulCycle.

4.      Upon information and belief, Defendant is a global B2B information and events company that connects buyers, sellers, and professionals across diverse sectors, including hospitality, wellness, healthcare, life sciences, and technology. It operates through an "engagement platform" comprising leading trade shows and conferences, digital communities, data and analytics, and integrated marketing services.

5.      As part of its core functions, Defendant owns and operates a website at domain www.hotelmanagement.net (the "*Website*").

6.      Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7.      Plaintiff Yana Paskova is an individual who is a citizen of the State of New York and resides in Bronx County, New York.

8.      Upon information and belief, Defendant Questex, LLC, is a Delaware limited liability company with a principal place of business at 685 3rd Avenue, 21st Floor, New York, NY 10017.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the federal copyright infringement

claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

11.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

### FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

12.    Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13.    Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

15.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

16.    On December 5, 2018, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

17.    In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

18.    On January 24, 2019, the Photograph was registered by the USCO under Registration No. VA 2-135-715.

19.    Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and public distribution.

20.    Plaintiff published the Photograph by commercially licensing it to the Washington Post for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

21.    Defendant is the registered owner of the Website and is responsible for its content.

22.    Defendant is the operator of the Website and is responsible for its content.

23.    The Website is a key component of Defendant's popular and lucrative commercial enterprise.

24.    The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

25.    Upon information and belief, Defendant is a sophisticated business which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

26.    Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific practices including the need to ensure that images used in their articles have been properly licensed.

27.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

28.    Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

29.    Without permission or authorization from Plaintiff, on or about August 19, 2019, Defendant reproduced and displayed the Photograph on the Website as part of an on-line story at URL:    https://www.hotelmanagement.net/room-entertainment/casting-shapes-room-entertainment-strategy. A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

30.    The Photograph was stored by Defendant at URL: https://qtxasset.com/cdn-cgi/image/w=850,h=478,f=auto,fit=crop,g=0.5x0.5/https://qtxasset.com/quartz/qcloud1/media/i

4

mage/hotelmanagement/1566215234/World%20Cinema.jpg?VersionId=2ZYXo7cCdLtnfx_TdC
Rd28_nKrSYc8Yn.

31.    Plaintiff first observed and actually discovered the Infringement on October 7, 2022.

32.    Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter the unauthorized use set forth above is referred to as the "*Infringement*").

33.    The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

34.    The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the Website.

35.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

36.    Upon information and belief, Defendant directly contributes to the content posted on the Website by *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Chelsea Dobrosielski whose Defendant's website lists her as a former "associate editor" (the "*Employees*").

37.    Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

38.    Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

39.    Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

40.    Upon information and belief, Defendant has the legal right and ability to control

5

and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

41.    Upon information and belief, Defendant monitors the content on its Website.

42.    Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

43.    Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase its advertising revenues and/or merchandise sales.

44.    Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

45.    Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

46.    Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

47.    Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

48.    On October 25, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

49.    Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

50.    Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

51.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## **FIRST COUNT**
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

52.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

53.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

54.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

55.    Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

56.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

57.    Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

58.    Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website.

59.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c).

60.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

61.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

62.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

  a.    finding that Defendant infringed upon Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

  b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

  c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

  d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

  e.    for pre-judgment interest as permitted by law; and

  f.    for any other relief the Court deems just and proper.

DATED: September 2, 2025

**SANDERS LAW GROUP**

By: _____/s/ Craig B. Sanders_____
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126711

*Attorneys for Plaintiff*